UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SELINE GUTIERRES,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>   Defendant. | No. ED CV 12-00274-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

  This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

  Plaintiff raises the following issues:

  1. Whether the Administrative Law Judge ("ALJ") properly

|   |   |   |
|---|---|---|
| | | considered Plaintiff's treating physicians' opinions; |
| | 2. | Whether the ALJ properly determined if activities of daily living establish the ability to perform full-time competitive substantial gainful activity; |
| | 3. | Whether there is a DOT inconsistency in the ALJ's holding that Plaintiff can perform the jobs of information clerk, credit checker, and electronic bench technician; and |
| | 4. | Whether the ALJ properly considered the lay witness testimony. |

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**INTRODUCTION**

**A.  Procedural History**.

Plaintiff previously filed an application for SSI benefits on August 11, 2005, which resulted in a determination of non-disability by an ALJ in a Decision dated February 15, 2008. (See AR, Exhibit ["Ex."] B1A.)  That Decision creates a rebuttable presumption of continuing non-disability. (See SSR 97-4(9), Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988).)

Plaintiff's current application for SSI benefits was filed on May 26, 2009. (AR 9; 102.)  After administrative denials, hearings were held before an ALJ on December 10, 2010 and April 8, 2011.  An unfavorable decision was issued on April 27, 2011. (AR 5-24.)  The Appeals Council denied review (AR 1-4) and Plaintiff commenced this

litigation.

**I**

**THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

**IN DETERMINING PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

In the Decision, the ALJ found that Plaintiff has severe impairments of lupus; failed back syndrome, status post-laminectomy; obesity; and major depressive disorder. (AR 10.)

Plaintiff contends that the ALJ failed to properly consider the opinions of her treating physicians with regard to her mental state. She quotes extensively from the ALJ's Decision. (See JS at 3-5.) Her contention is that the ALJ failed to follow applicable law which requires that the opinion of treating physicians may not be rejected without providing specific and legitimate reasons. (See JS at 6, citing Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).)

Plaintiff also attempts to raise the issue of an assertedly inadequate discussion by the ALJ in a prior Decision of non-disability filed on February 15, 2008. (See JS at 7-9.)

Because of this prior non-disability determination, a continuing presumption of non-disability attaches and it is Plaintiff's burden now to prove changed circumstances indicating that she has a greater disability in order to overcome that presumption. (See Chavez, supra, 844 F.2d at 693.) Here, the ALJ found that there has not been a showing of change circumstances material to the determination of disability, and thus, he concluded that the presumption of continuing non-disability has not been rebutted. (AR 13.)

Apart from that legal issue, the record supports the ALJ's determination of Plaintiff's mental residual functional capacity

3

("RFC"). Although Plaintiff extensively cites to progress notes from the Riverside County Department of Mental Health, these are not opinions of a physician(s). They are simply progress notes, and the ALJ did evaluate them. He noted that Plaintiff had failed to attend most of her appointments, and there was evidence of significant malingering and magnification of symptoms at a psychological consultative examination ("CE"). (See, infra.) Further, while Plaintiff extensively cites to GAF scores, such scores are only snapshots of a person's functioning at a particular moment in time, and thus do not constitute medical opinions which are sufficient to document a continuing impairment for purposes of the Social Security Act. See 65 Fed. Reg. 5746, 5765 (August 21, 2000); McFarland v. Astrue, 288 Fed. Appx. 357, 359 (9th Cir. 2008).

As noted, the ALJ significantly relied upon a psychological CE conducted by Dr. Reznick on January 13, 2011 (AR 357-368), in addition to a psychiatric CE by Dr. Abejuela from August 20, 2009 (AR 303-309). (See discussion at AR 17.) Dr. Reznick's report, based upon his examination, debunks Plaintiff's self-reporting of hallucinations and hearing voices, noting that Plaintiff appeared to engage in "deliberately unfavorable impression management, apparently for self-serving reasons." (AR 364.) Dr. Reznick found that Plaintiff's allegations as to hallucinations were simply not credible. (AR 358.) She did not exhibit any signs or symptoms of psychosis or paranoia. (AR 358.)

Finally, Plaintiff's complaint that the ALJ in the previous 2008 Decision failed to adequately address her physician's opinions is irrelevant to the 2011 Decision which is at issue in this case, other than that the prior decision is res judicata under Chavez.

4

None of the progress notes cited by Plaintiff provide any opinion as to Plaintiff's mental RFC. Thus, the Court rejects Plaintiff's contention that the ALJ failed to adequately consider these progress notes, and finds no other evidence in the record to undermine the ALJ's determination of Plaintiff's mental RFC.

## II

## THE ALJ PROPERLY RELIED UPON PLAINTIFF'S
## ACTIVITIES OF DAILY LIVING IN THE DISABILITY DETERMINATION

In Plaintiff's second issue, she contends the ALJ improperly relied upon the nature and extent of her activities of daily living ("ADL") in determining whether she is disabled, and in particular, contests the assessment of her credibility pertaining to subjective complaints. (See Discussion in Decision at AR 13.)

While Plaintiff cites cases which generally hold that a claimant need not be completely incapacitated or vegetative to be disabled, that standard does not comport with the actual ADLs in which Plaintiff participates, as noted by the ALJ.[1]

Here, the ALJ relied upon numerous credibility factors which are sanctioned by regulation and case law. (See SSR 96-7p, 20 C.F.R. § 416.929(c)(3).) In this case, there are several such factors which are established by substantial evidence in the record. For one, the ALJ relief upon evidence that Plaintiff malingered and magnified her symptoms. (See Decision at AR 17-18, see Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003).) As the Court noted in the previous section, the independent psychological CE, Dr. Reznick, extensively

---

[1] Plaintiff does not contest that she in fact is capable of and participates in these ADLs.

commented upon the sub-optimal effort and malingering which Plaintiff exhibited during her examination; the fact that her allegations of hallucination lacked credibility; and that she demonstrated no signs or symptoms of psychosis or paranoia.  In addition, the objective medical evidence in the record does not support Plaintiff's subjective symptom reporting.  There were four independent examining physicians who each reached the conclusion that Plaintiff was capable of working with specific limitations. (AR 296, 308-309, 329, 364-368.)  An ALJ may consider a lack of objective medical evidence as one factor in the credibility determination.  See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

As the Commissioner also points out, Plaintiff alleged extremely serious mental disturbance, but failed to seek and follow through with treatment.  For example, she reported to the Riverside mental health facility in January 2009, but did not return for treatment again until July of that year. (AR 16, 269-273.)  Progress notes indicate that she failed to keep any of her appointments. (AR 16, 270-272.)  This pattern was repeated later in 2009 (AR 17, 383), and in 2010 she only sought treatment on a few occasions. (AR 17, 370-379.)  These factors were relevant in the credibility analysis.

In sum, the Court finds that substantial evidence supports the ALJ's credibility determination with regard to Plaintiff's subjective complaints.

### III

### THERE IS NO DOT INCONSISTENCY BETWEEN THE ALJ'S DETERMINATION OF AVAILABLE WORK AND PLAINTIFF'S RFC

In Plaintiff's third issue, she contends that the ALJ erred in

1  determining work that she can perform (see AR at 19-20) constitutes
2  reversible error because the three jobs identified by the vocational
3  expert ("VE"), and adopted by the ALJ, are inconsistent with
4  Plaintiff's RFC.
5      Plaintiff addresses the first job, identified in the Dictionary
6  of Occupational Titles ("DOT") as Information Clerk.  Plaintiff
7  asserts that this job requires that she do more than the simple,
8  repetitive tasks which the ALJ determined are within her RFC. (See AR
9  at 12.)  Specifically, she argues that the job of Information Clerk
10 requires Reasoning Level Three skills, which are identified as part of
11 the General Educational Development ("GED") of the job. (See DICOT
12 Appendix CC, section III.)  Thus, Plaintiff asserts that Reasoning
13 Level Three skills, which require that she be able to "apply common
14 sense understanding to carry out instructions furnished in written,
15 oral, or diagramatic form.  Deal with problems involving several
16 concrete variables in or from standardized situations," exceed her
17 RFC.  Plaintiff cites District Court opinions which she contends hold
18 that a limitation to simple, repetitive tasks is more consistent with
19 jobs that require either Reasoning Level One or Reasoning Level Two.
20 (See JS at 23.)
21     With regard to the second job, identified as Credit Checker,
22 Plaintiff makes the same argument.
23     With regard to the third job, identified as Electronic Bench
24 Technician, Plaintiff asserts that this job requires that she be
25 exposed to "toxic chemicals occasionally" (JS at 26), which exceeds
26 her RFC, which prohibits "concentrated exposure to fumes, odors, dust,
27 gases and poor ventilation." (AR 12.)
28     Plaintiff's argument that the ALJ erred in identifying these

three jobs as within her RFC because of an unexplained deviation between the requirements of these jobs and Plaintiff's functional abilities relies upon case law developed in the Ninth Circuit. She cites Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001), for this proposition, along with other cases.

While Plaintiff correctly cites the legal standard concerning deviation, her argument fails for factual reasons. In particular with regard to the unskilled jobs of Information Clerk and Credit Checker (see DOT §§ 237.367-046), these occupations are classified as requiring Specific Vocational Preparation ("SVP") of Two. Such occupations are denominated as unskilled, defined in the Code of Federal Regulations ("C.F.R.") as work that "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." See 20 C.F.R. § 416.968(a). The Commissioner argues, and the Court agrees, that these requirements are consistent with simple, repetitive tasks. The VE explained that each of these occupations were unskilled work. (AR 62-63.) Plaintiff's argument, however, focuses on the Reasoning Level which is classified under DOT under the GED categories noted above. Plaintiff focuses on one of the three GED categories (the three categories are reasoning, mathematics, and language), which is the category of reasoning. The GED does not circumscribe particular mental or skill requirements of a particular job but rather, describes the general educational background which might make an individual capable of performing a job. Thus, the GED does not constitute a job description or a job requirement, nor does it reflect particular mental demands of jobs listed in the DOT. Instead, it is simply a general description of the educational level which is expected of someone who is performing a particular job. In

8

this case, Plaintiff completed high school. (AR 28, 71-72.) The Commissioner is permitted by regulation to utilize a claimant's numerical grade level to determine educational abilities. See 20 C.F.R. § 416.964(b). Here, Plaintiff's educational background would indicate an ability in reasoning, arithmetic and language skills to perform semi-skilled through skilled work. See 20 C.F.R. § 416.964(b)(4).

Thus, the Court cannot be limited simply to reasoning level in determining whether Plaintiff has the functional ability to perform the identified jobs. Thus, there is no inconsistency between the identified jobs and the DOT requirements in this case. Indeed, as the Commissioner notes, several District Court cases have concluded that where an individual is limited to simple, repetitive tasks, this is consistent with an ability to perform unskilled work. See Angulo v. Astrue, 2009 WL 817506, *2 (E.D. Cal., 2009).

In sum, Plaintiff's RFC is not correlated to the DOT's reasoning level descriptions. RFC and reasoning levels are different concepts, one measuring a claimant's medical limitations and the other addressing the appropriate or required level of educational development for performing a particular job.

Brief mention may be made of the remaining job, identified as Bench Technician (see DOT § 726-687-010). While Plaintiff contends that this occupation would require exposure to "toxic chemicals occasionally," Plaintiff's RFC indicates she must avoid exposure to concentrated fumes, etc. It is not apparent that there is a DOT inconsistency here, and thus, the Court cannot conclude that the ALJ erred in that Plaintiff is capable of performing this occupation in addition to the other two.

**IV**

**THE ALJ DID NOT IMPROPERLY DISCOUNT**

**LAY WITNESS TESTIMONY AND EVIDENCE**

Plaintiff cites the hearing testimony of her friend, Diana Tourney-Geisen (AR 55-61) and the Third Party Function Report - Adult of Plaintiff's mother, Jeannette Sarris, and contends that the ALJ improperly discounted them. She summarizes the evidence and testimony of these two lay witnesses in the JS. Her legal contention is that the ALJ failed to give reasons germane to each of these witnesses whose testimony he rejected. (See JS at 40, citing Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996).)

The Court finds no merit in this argument, because the ALJ did give germane reasons. He indicated that the statements of these reasons were not consistent with the treatment record. (AR 14-15.) Inconsistency with medical evidence is a valid reason to discount lay witness testimony. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ similarly gave little weight to Plaintiff's own testimony, finding symptom magnification, malingering, and inconsistencies, as the Court has previously summarized.

For the foregoing reasons, the Court finds no merit in Plaintiff's fourth and final issue.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: November 15, 2012         /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE